THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* RAMOS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 859.—Decided July 8, 1915.

AGGRAVATED ASSAULT AND BATTERY — INFORMATION. — An information charging aggravated assault and battery is insufficient when it does not specify any of the circumstances enumerated in section 6 of the Act of March 10, 1904.

ID.—ESSENTIAL ELEMENTS.—When the elements necessary to establish any of the aggravating circumstances of the offense are lacking in the information, it is fatally defective.

The facts are stated in the opinion.
*Messrs. Tizol & Campillo* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 3, 1914, the *Fiscal* of the District Court of San Juan, Section 2, filed an information in the said court against Manuel Ramos charging him with aggravated assault and battery, committed as follows:

"On or about November 5, 1914, and in the municipal district of Toa Baja, which forms a part of the judicial district of San Juan, the said Manuel Ramos unlawfully, wilfully, and maliciously assaulted and beat Juan Rivera with the intent to cause him grave bodily injury, inflicting upon him several wounds."

After trial the said court rendered judgment on February 3, 1915, convicting the accused of aggravated assault and bat-

tery and sentencing him to ten months in jail, from which judgment he appealed to this court.

The appellant prays for the reversal of the judgment appealed from and for his discharge, alleging as grounds of appeal (1) that the facts alleged in the information do not constitute the crime of aggravated assault and battery, and (2) that the judgment is contrary to the evidence, for, although it was proved that the accused inflicted some wounds upon Rivera, it was done in lawful self-defense.

The *fiscal* admits that the information as it is worded does not charge aggravated assault and battery inasmuch as it does not specify any of the circumstances expressly enumerated in section 6 of the Act of March 10, 1904, but denies that the judgment is contrary to the evidence and moves that the case be remanded to the lower court with instructions that the accused be tried for assault and battery.

The appellant cites in his defense the doctrine laid down by this court in the case of *The People* v. *Marini, ante* page 10.

In that case we said:

"We have generally held that where a complaint is preferred the same particularity cannot be required thereof as of an information, but there are exceptions. Where a statute enumerates in plain and unequivocal language the facts that would make a simple assault an aggravated one, such facts must be set forth clearly in the complaint. They must not be left to inference. The Act of March 10, 1904 (Session Laws of 1904, page 50), sets out ten separate and distinct cases in which a simple assault becomes aggravated, and to convict a defendant of aggravated assault and battery he must be charged specifically with one of such cases, especially when the penalty is increased from a maximum of $50 in the case of simple assault and battery to a maximum fine of $1,000, or two years in jail, for aggravated assault and battery."

Of the ten cases specified in section 6 of the Act of March 10, 1914, as constituting aggravating circumstances, only two, or Nos. 7 and 9, can be applicable to the charge made against

Ramos, for it is clear that it does not come under any of the others.

The circumstances set forth in cases Nos. 7 and 9 of section 6 of the said act, under which an assault and battery becomes aggravated, are, according to the Spanish text, as follows:

"7. *Cuando se infiere una herida grave a la persona agredida.*

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

"9. *Cuando se cometiere. (el delito) con intención premeditada para el fin calculado de inferir graves heridas corporales.*"

The English version reads:

"7. When a serious bodily injury is inflicted upon the person assaulted;

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

"9. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

A literal translation of the English text is as follows:

"7. *Cuando se infiere un grave daño corporal a la persona agredida.*

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

"9. *Cuando se cometa (el delito) con intención premeditada, y con el empleo de medios calculados para inferir grave daño corporal.*"

Neither of these two circumstances is specified in the information. It is not alleged therein that a dangerous wound was inflicted upon Juan Rivera, or that he was caused great bodily injury, or that he was assaulted with premeditated design, or by the use of means calculated to inflict great bodily injury.

The intention to inflict a dangerous wound or to cause great bodily injury is not sufficient. There may have been an intention on the part of the accused to inflict a dangerous wound upon Rivera or to cause him great bodily injury, but the intention and the act of inflicting a dangerous wound or causing great bodily injury are not the same.

The elements necessary to establish ·either of the two aggravating circumstances mentioned are lacking in the information.

The accused was not informed of the nature of the aggravated assault and battery with which he was charged, therefore the information was fatally defective.

This being the case, it would be superfluous to consider the second ground of appeal.

The judgment should be reversed on the ground that the information is fatally defective and the case remanded to the lower court for a new trial and further proceedings not inconsistent with this opinion.

' *Reversed and remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.